Dodge *v.* Fuller.

WILLIAM E. DODGE, JR.

*v.*

DANIEL FULLER.

A bill to foreclose a mortgage had been filed, and also a cross-bill by the owner of the mortgaged premises, setting up that the mortgagee had received certain stock as collateral to the mortgage, and praying that he might be compelled to have recourse thereto before proceeding in the foreclosure. *Held,* that one claiming a prior lien on such stock, by virtue of an attachment issued in another state, might be admitted as a party.

Suit to foreclose and cross-suit. Petition to admit Frank P. Perkins as a defendant.

*Mr. Landregan,* for petitioner.

*Mr. W. Freeman, contra.*

THE CHANCELLOR.

The original bill was filed December 26th, 1876, by Dodge against Fuller, Atkins and others, to foreclose a mortgage given by Fuller, in 1870, on land and premises now owned by Atkins. Atkins filed a cross-bill, on the 5th of June,

Dodge *v.* Fuller.

1877, alleging, among other things, that Dodge, on the 16th of November, 1875, received from Fuller other security (certain coal stock) for the mortgage money, in addition to the security of the mortgage. The mortgage is on premises which Atkins bought of Fuller, and which were conveyed to him by the latter by deed with warranty. The cross-bill prays, among other things, that Dodge may be required to have recourse to the stock for the payment of the mortgage money before looking to the mortgaged premises for it. Perkins, by his petition, alleges that on the 20th of March, 1877, he caused an attachment, for debt due to him from Fuller, to be issued out of the supreme court of New York, and that under it the stock was on that day attached as the property of Fuller. He claims that his lien is superior to Atkins's equity, and asks to be permitted to come in· and defend. He is not a party to the cross-bill, and, therefore, the objection urged in opposition to his application, that new parties cannot be introduced into the suit by cross-bill, is not pertinent.

The question is, whether the petitioner, who, since the beginning of the suit, has acquired an . interest in a security held by the complainant Dodge, and which Atkins seeks by the cross-bill to subject, in exoneration of his property, to the payment of the mortgage debt, may be admitted to protect his interest. I see no reason for denying his application. It is proper that the petitioner's claim should be adjudicated upon. To decree that the stock be sold without according to him a hearing, would of course be substantially to decree a sale, subject to his claim. This would not be just to the parties in interest, if it can be avoided, as it can be by permitting him to intervene in the suit.

It is within the power of the court, according to the practice, to admit him, and, as the case stands, he ought to be admitted.